Rickerstricker vs. The State.

RICKERSTRICKER VS. THE STATE.

1. EVIDENCE.

Where a witness is rejected for incompetency, it is not necessary to set out what the party expected to prove by him.

2. ———: Same.

The rule which excludes the husband or wife as witnesses, does not extend to persons who cohabit together as husband and wife without lawful marriage.

APPEAL from *Lincoln* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

*Rousseau,* for appellant.

*Hughes,* Attorney General, for the State.

HARRISON, J.:

The appellant, Lewis H. Rickerstricker, was convicted in the Lincoln Circuit Court, of the murder, in the first degree, of Louisa Johnson. He moved for a new trial, which was refused, and he was sentenced to be hanged.

On the trial, he offered as a witness Amanda Jones, who, being examined on the *voir dire*, stated that she and defendant had lived together as husband and wife since 1867, and she had had children by him, but that they had never been married, and she had never acknowledged that she was his wife.

Objection to her competency was made on the part of the State, and the court refused to let her testify. What the defendant proposed to prove by her is not made to appear by his bill of exceptions.

To show in what manner he was prejudiced by the ruling of the court in the rejection of the witness, it was not necessary for the defendant to set out what he expected to prove by her.

A party introducing a witness, unless required by the court, is not bound to state in advance what facts he expects to prove by him ; and when, without such requirement, the court excludes a witness *in limine*, its decision must be understood to have been made upon an objection to the witness himself, and not to the testimony he is expected to give. It is only where evidence is ruled out on account of the matter that it is necessary to set out, in the statement of the case, what the party expected or offered to prove ; and where a witness is rejected on the ground of incompetency, it must be presumed that the witness would have been rejected, no matter how material the evidence might have

been. *State* v. *Jim*, 3 Jones, 348 ; *Force* v. *Smith*, 1 Dana, 151 ; *Duffee* v. *Pennington*, 1 Ala., 506.

Was, then, the witness incompetent ?

The rule which excludes the husband or wife, except in a case of particular necessity, as when, for instance, the wife would otherwise be exposed, without remedy, to personal injury, from being a witness for or against the other, has never been extended to any other than lawful marriages, or, at least, to such as are innocent in the eye of the law. Where the cohabitation is of an immoral character, as in the case of a kept mistress, the parties are competent witnesses for and against each other. 1 Green. on Ev., sec. 339; 2 Stark. on Ev., 550; *Balthews* v. *Galindo*, 15 Eng. C. Law R., 88 ; *State* v. *Samuel*, 2 Dev. & Bat., 177.

Judge Ruffin, in delivering the opinion of the court in the case last cited, said : " There have, indeed, been decisions at *nisi prius*, in which persons not actually married have not been allowed to give evidence for each other, because, in the very transaction under investigation, they had held themselves out as man and wife. But it has never been doubted that one was a competent witness against the other, unless a legal marriage existed ; and it now seems to be finally and properly settled that, in every case, whether the witness be called by the one side or the other, the test, and the only test of competency, is this—are they, in fact and in law, husband and wife ?"

The witness was clearly competent, and should have been admitted to testify ; and, for the error in excluding her, the judgment of the court below is reversed and the cause remanded to it, with instructions to grant the defendant a new trial.