POWELL BROTHERS TRUCK LINES, INC. *v.* BARNETT.

4-4781

Opinion delivered November 1, 1937.

770

*Cotton & Murray* and *Westbrooke & Westbrooke,* for appellant.

*V. D. Willis, Ben C. Henley, Ralph R. Rhea* and *Shouse & Walker,* for appellee.

BAKER, J.  The accident which was the foundation of this suit occurred at Seligman, Missouri, on the morning of September 6, 1936.  Barnett, the plaintiff, had gone to sleep upon a "bandstand" or platform erected upon an automobile frame and wheels placed near the highway, on the night of September 5, and early next morning, perhaps, about daylight, the truck driven by one of the drivers of the appellant corporation was permitted to skid or run into this platform upon which appellee was asleep and caused the injuries for which he sued. A very brief statement will be made in order that the contention of the appellant may be presented.  There will be no effort to state the entire controversy nor all the contentions of the parties as this is unnecessary.

Powell Brothers Truck Lines, Inc. was operating a tractor-trailer truck from Springfield, Missouri, to Harrison, Arkansas.  In the town of Seligman there is an "S" curve upon the highway and near one of these curves, just a few feet away, the exact distance being much in dispute, was a "bandstand" upon which Otto Barnett went to sleep the night before the accident and upon which he was still sleeping the next morning at the time of the accident.  At the place of the accident there was a down grade.  The truck was loaded with about 10,000 pounds of freight. One of the tractor wheels is said to have locked and the driver of the truck contends that he was attempting to steer the truck from

the main traveled highway upon the roadside when, by reason of the locked wheel, it was impossible to keep the truck under such control as to prevent it striking the "bandstand." The "bandstand" was not turned over, but was knocked a short distance. Immediately after this collision, perhaps within two or three minutes, Barnett appeared with a skinned place on his nose and advised the driver of the truck that he had been thrown from the "bandstand," that he was more scared than hurt. First-aid was administered to Barnett in which his nose was treated, there apparently being no other injury. He was given his breakfast, which he ate with relish. After that, on the same day, he went by train from Seligman to his home at Harrison.

The suit for $35,000 was filed and numerous short continuances were had and the case was finally tried, and a verdict and consequent judgment were rendered for the plaintiff in the sum of $10,000. Appeal has been prosecuted from that judgment.

One of the matters contested, with considerable conflicting testimony, was the extent of the injuries of Barnett. Several doctors testified, each detailing in his testimony conditions found and observed by him. Some of this testimony was in irreconcilable conflict with other portions covering the same points.

The defendant had asked for the appointment of physicians to make an examination of the plaintiff. The court had appointed for this purpose Dr. McCoy and Dr. Kirby. No objection was made to the appointment of either of these physicians at the time of the appointment or prior to the time that the examination was made by them of the plaintiff. It is conceded by the appellee, plaintiff below, that the appellant had the right to have this examination made. It appears to have taken a portion of two days for the examination to be made. At the time Dr. McCoy was offered as a witness, objection was made to the competency of the witness, and the court sustained the objection, and the witness was not permitted to testify on account of the fact that he had at one time treated the defendant for some of his alleged

injuries and was his "personal and family physician," and that he had been employed as plaintiff's doctor in the case.

Plaintiff's counsel knew that Dr. McCoy had been appointed prior to the time of his having made the examination about which he was called to testify; in fact, it is a fair inference they delivered him to the doctor's office for the examination. He had completed the examination and was called as a witness when the first objection was offered on account of his alleged incompetency.

We think the court was in error in sustaining this objection, and that, on account thereof, the case will have to be reversed and for that reason it is unnecessary to discuss other matters raised upon the appeal for the reason that the other alleged errors may not occur in a new trial.

After the court had ordered the examination to be made by Dr. McCoy and Dr. Kirby, it was in fact made on January 21st and 22nd. Dr. McCoy was called as a witness during the trial on February 4. Until that time there had been no suggestion of impropriety in the appointment of the doctor to make the examination and testify in regard thereto.

The court sustained the objection made and declined to permit the doctor to testify. The effect of this ruling at that time made ineffectual the order of the court appointing the same physician to make the examination. The objection was made and sustained under provisions of § 4149, Crawford & Moses' Digest, as then in full force and effect; as amended § 5159, Pope's Digest.

Without regard to the merits of a timely objection of the kind, it must be said the objection to this witness under the circumstances came too late. Whatever, otherwise, there might have been of merit in the objection was waived. By submitting to this examination with consent of counsel who had acquiesced in the appointment, although they may not have expressly agreed thereto, the waiver became effective. *Triangle Lbr. Co.* v. *Acree*, 112 Ark. 534, 548, 166 S. W. 958, Ann. Cas. 1916B 773.

It is urged now that appellant has failed to set out what evidence was expected to be had from the witness, and, therefore, even if the ruling were wrong, the testimony may not have been important. But that is beside the issue. The objection was on account of the disqualification of the witness, and not to the offer of any evidence that was excluded. Had the issue arisen over a ruling excluding evidence, then appellee's contention would have value. Prejudice is presumed when a party is denied the right to use a competent witness. *Miles v. St. L. I. M. & S. Ry. Co.,* 90 Ark. 485, 119 S. W. 837; *Rickerstricker v. State,* 31 Ark. 207. See, also, *National Annuity Association v. McCall,* 103 Ark. 201, 146 S. W. 125, 48 L. R. A. (N. S.) 418.

We carefully refrain from the expression of any opinion or impression as to the alleged negligence of appellant or its driver, as well as the alleged negligence of Barnett. This last statement is made so that parties will understand that we are not determining the sufficiency or insufficiency of proof upon any phase or issue of the case. A new trial may present new developments, and such consideration at this time would be out of place. These issues arise under the laws of the state of Missouri, in which jurisdiction the comparative negligence doctrine does not obtain, but contributory negligence is a complete defense.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.

HUMPHREYS and MEHAFFY, JJ., dissent.