POWELL BROTHERS TRUCK LINES, INC. *v.* BARNETT.

4-5218                                       121 S. W. 2d 116

Opinion delivered November 7, 1938.

*Cotton & Murray* and *Westbrooke & Westbrooke,* for appellant.

*V. D. Willis, Henley & Rea, J. Loyd Shouse* and *W. S. Walker,* for appellee.

MEHAFFY, J. This suit was brought in the Boone circuit court and there was a judgment for appellee. An appeal was prosecuted to this court and the judgment was reversed because this court held that the lower court erred in not permitting the physician to testify. There was no other question decided. *Powell Brothers Truck Lines, Inc.,* v. *Barnett,* 194 Ark. 769, 109 S. W. 2d 673.

After the case was reversed and remanded, there was another trial in the Boone circuit court and a verdict and judgment for $8,000. This appeal is prosecuted to reverse this judgment.

When the case was here on former appeal, as we have already said, it was reversed and remanded for new trial

solely on the ground that the court erred in not permitting a witness to testify. We said in that case: "We carefully refrain from the expression of any opinion or impression as to the alleged negligence of appellant or its driver, as well as the alleged negligence of Barnett. This last statement is made so that parties will understand that we are not determining the sufficiency or insufficiency of proof upon any phase or issue of the case. A new trial may present new developments, and such consideration at this time would be out of place."

The evidence shows that the appellee, Barnett, had gone to sleep upon a bandstand or platform erected upon an automobile frame and wheels, placed several feet from the highway, on the night of September 5th, and early next morning, perhaps, about daylight, the truck driven by one of the drivers of appellant corporation was permitted to run into this platform upon which appellee was asleep and cause the injury for which he has sued. The truck left Springfield, Missouri, according to the testimony of the driver, about midnight, driving toward Seligman. He reached Seligman about five o'clock the morning of September 6th. It is 90 miles from Springfield to Seligman and the road is blacktop except two detours. The truck he was driving was a trailer-tractor and he testified that it was in good condition, nothing wrong with it. There is an S-curve upon the highway as one drives into Seligman from the north, and it was down grade to the place of the accident. The truck was loaded with about 10,000 pounds of freight. The truck and trailer left the highway after passing the curve and continued on down about 75 feet and hit the bandstand on which appellee was sleeping. The driver testified that coming down toward the bandstand the truck pulled to the right. He tried to guide it, but it went off the highway about the width of the trailer-tractor. It began pulling to the right, according to the driver's testimony, and off the highway about 50 feet north of the bandstand. When he struck the bandstand he stopped short. The brake on the right rear tractor wheel hung and locked the wheel. The bandstand was several feet off the highway and the truck

left the highway something like 75 feet north of the band-stand and ran into the bandstand injuring the appellee.

The driver testified that the truck and trailer were in good condition and they found nothing wrong when they examined them immediately after the accident, except the wheel on the trailer was locked. Of course, this would not prevent him from stopping but would assist in stopping the truck. The driver does not say he could not stop it, but he says it ran to the right and he could not guide it.

The testimony is in conflict as to the extent of the injuries, but there is no dispute about the fact that he actually was injured in the manner above set out; that is, by the truck leaving the road and running into the bandstand. It was purely a question of fact for the jury as to whether the driver of the truck was guilty of negligence causing the injury, and it was also a jury question as to whether the appellee was guilty of contributory negligence.

Appellant contends that the court should have directed a verdict for it because, it alleged, the evidence does not show that the negligence, if any, was the proximate cause of the injury, and calls attention to numerous cases. There is no dispute about the law on this proposition. One might be negligent, still unless his negligence was the proximate cause of the injury, there would be no liability. When this case was here on former appeal, while we did not decide on the negligence or contributory negligence of the parties, if there had been no evidence of negligence, the case would not have been remanded for a new trial, but would have been dismissed.

The undisputed evidence shows that the bandstand was several feet off the highway, and that the truck left the highway and ran into it. Whether the truck driver was guilty of negligence was a question of fact for the jury. In this case there is very little dispute about the principal facts; but no matter what the conflict might be in the evidence, the jury, under our system, passes on the credibility of the witnesses and the weight to be given their testimony, and if there is any substantial evidence to

support their verdict, it will not be disturbed by this court.

We think the appellee had a right to assume that no truck would leave the highway and run into the bandstand.

It is next contended by appellant that the court permitted the introduction of incompetent testimony. The driver was asked if he did not say to appellee, when they returned from the doctor's office: "I guess I was driving too fast is what caused the injury." The appellee was permitted to testify that the driver said that he was driving too fast. This evidence was competent.

Section 5197 of Pope's Digest provides: "A witness may be impeached by the party against whom he is produced, by contradictory evidence by showing that he has made statements different from his present testimony, or by evidence that his general reputation for truth or morality renders him unworthy of belief, but not by evidence of particular wrongful act, except that it may be shown, by the examination of a witness, or record of a judgment, that he had been convicted of a felony."

Appellant cites numerous cases to the effect that an employee is not permitted to say who was responsible for an injury if the statement is made after its occurrence, but in this case the court held that the part that did not occur immediately is not a part of the transaction and that the jury should not consider anything said by the driver. It is not a part of the transaction. It was after this testimony, however, that the driver stated that he did not make a statement of this kind, and then the appellee was permitted to contradict him. This was permissible under the section of Pope's Digest set out.

One of the attorneys for the appellee stated that this evidence was offered solely for the purpose of impeaching the driver's testimony. It would not have been admissible for any other purpose. There was no error in admitting this testimony.

Pictures were introduced in evidence showing the conditions at the place of the accident. Objection was made to the introduction of these pictures and other evidence, because it was said that it was not a part of the

*res gestae.* It makes no difference, of course, when a picture was taken, if the evidence shows that the conditions are the same as when the accident occurred, or when the evidence shows the difference, if there is any.

It is next contended by the appellant that the court erred in refusing its requested instructions 7 and 9. These instructions were modified by the court to meet the suggestion of appellant. Instruction No. 7 told the jury in effect that the burden was on the plaintiff to establish the allegations of his complaint, and unless he had done so, under the testimony, they must find for the defendant. The court modified this so it read that the burden was on plaintiff to establish the allegations in his complaint relied on. The court added the words "relied on." Of course he would not have to establish the allegations of the complaint that he did not rely on. The same modification was made in appellant's instruction No. 9.

Appellant also contends that the court erred in refusing to give its requested instruction No. 10. This instruction reads as follows: "If you find from the testimony that the plaintiff, Otto Barnett, was warned against resting or sleeping upon the 'bandstand' from which he says he was thrown I instruct you as a matter of law he was guilty of contributory negligence and cannot recover and your verdict must be for the defendant."

That instruction stated to the jury that if he had been warned, he was guilty of contributory negligence. Of course, whether he was guilty of contributory negligence was a question for the jury and not for the court.

We said in the case of *Coca-Cola Bottling Co.* v. *Shipp,* 174 Ark. 130, 297 S. W. 856: "Appellant's principal contention, aside from the question as to the proper measure of damages, is that we should hold as a matter of law that plaintiff was guilty of contributory negligence in failing to stop his automobile within the range of his vision. While some courts have announced a hard and fixed rule that it is negligent to drive an automobile at such rate of speed that it cannot be stopped within the range of the driver's vision, . . . we think it improper to do so. Each case must be considered in the light of its own peculiar state of facts and circumstance.

After all, the test is, what would an ordinarily prudent person have done under the circumstances as they then appeared to exist?''

If he had been given warning, this would be proper evidence that the jury might consider with all other evidence in determining whether the party was guilty of contributory negligence; but the rule is well established in this state that the jury is to determine from all the evidence in the case whether one is guilty of negligence. The rule contended for by appellant is followed in some states, but we stated clearly in the case of *Coca-Cola Bottling Co.* v. *Shipp, supra,* what the rule is in this state.

It is next contended by the appellant that the court erred in giving instructions 1 and 2. The only reason for urging this objection is that appellant says there was no evidence of failure of ordinary care on the part of the driver and that the appellee was guilty of contributory negligence. There was no error in the court's giving instructions 1 and 2.

It is contended that the verdict of the jury was the result of Boone county passion and prejudice and is shocking to a sense of justice. The evidence was in conflict as to the extent of appellee's injury as we stated when the case was here on former appeal, but the jury had a right to believe, and probably did believe appellee's witnesses. There is no evidence of passion and prejudice.

We find no error, and the judgment is affirmed.