Thomas Jeff WALLIS et al *v.*
MRS. SMITH'S PIE COMPANY

76-390                                          550 S.W. 2d 453

Opinion delivered May 16, 1977
(In Banc)

W. S. Walker and Gene C. Campbell, for appellants.

Storey & McCord, by: William A. Storey, for appellee.

ELSIJANE T. ROY, Justice. On the morning of December 30, 1973, appellants Thomas Jeff Wallis and his mother, Mary Ethel Wallis, residents of Berryville, Arkansas, were returning to their home from a trip to Ohio. While traveling west on Interstate Highway #44 at a point within the city limits of Rolla, Missouri, they were involved in a motor vehicle accident with a large tractor-trailer truck driven by William Howard Long, agent of Mrs. Smith's Pie Company. The ultimate destination of the truck was Oklahoma. Long is a resident of Pennsylvania, and Mrs. Smith's Pie Company is a foreign corporation with its principal place of business in Pennsylvania and authorized to do business in Arkansas under Ark. Stat. Ann. §§ 73-1754, et seq. (Repl. 1957), the Motor Carrier Act.

Wallis and his mother each brought an action against appellee Mrs. Smith's Pie Company in Arkansas in Carroll Circuit Court for injuries they sustained as a result of the accident. The cases were consolidated for trial purposes only, and the jury returned individual verdicts in favor of appellee against each appellant. From said verdicts this appeal is brought.

At the trial Wallis, who was driving a 1967 Cadillac, testified they had been traveling about an hour when they ran into a heavy snowstorm. Because of the accumulation of ice and snow, the right lane of the interstate on which they were traveling had become hazardous and so he pulled into the left lane which he thought was in better condition.

Long had been following a furniture van in the right lane of the highway for about five miles. Immediately before the accident appellee's vehicle driven by Long changed into the passing lane and struck the Cadillac from the rear. At the time of the accident the truck was traveling approximately 50 miles per hour while the Wallis vehicle was traveling at a speed of about 20 to 35 miles per hour.

The Missouri state trooper investigating the accident testified the roads were so slick his car slid past the accident. He further stated appellants complained of back injuries and were taken to a Rolla hospital for treatment although they showed no physical sign of injury. After being released from the hospital, appellants continued to Arkansas, arriving home around midnight of the day of the accident. For injuries allegedly suffered in the accident they received treatment from various physicians for several months. Thereafter Wallis sought damages in the amount of $250,000 while his mother sought $50,000.

The issue of the applicable state law was raised by appellee in its answer, contending that Missouri law controlled. Appellants urged Arkansas law was controlling. The court made no specific ruling on this issue prior to trial, but did apply Missouri law. Wallis admitted in his testimony he was aware of a Missouri statute which required automobiles to travel in the right-hand lane of a highway having two or more lanes of traffic proceeding in the same direction except under certain specified conditions not applicable here.[1]

At the close of the evidence during the in-chambers discussion concerning the instructions to be given to the jury, appellants' counsel objected to the application of Missouri law to the case. Thereafter, the following instructions were given:

Instruction No. 20. There was in force in the State of Missouri and City of Rolla at the time of the occurrence a statute which provided: "All vehicles in motion upon a highway having two or more lanes of traffic proceeding in the same direction shall be driven in the right hand

---

[1]V.A.M.S., RS Mo. § 304.015(6) (Cum. Supp. 1973).

lane except when overtaking and passing another vehicle or when preparing to make a proper left turn or when otherwise directed by traffic markings, signs or signals." A violation of this statute is negligence.

Instruction No. 21. If you find that the plaintiff through his own negligence placed himself in a perilous position which was later discovered by the defendant or which by the exercise of ordinary care should have been discovered by the defendant in sufficient time to avoid the collision, then you must compare the negligence of each. If the negligence of plaintiff was of less degree than the negligence of defendant, then the plaintiff is entitled to recover damages you may find he has sustained as a result of the occurrence after you have reduced them in proportion to the degree of his own negligence.

Instruction No. 22. Mrs. Smith's Pie Company has pleaded a defense of contributory negligence of Thomas Jeff Wallis. If you find that plaintiff, Thomas Jeff Wallis, operated his vehicle in a negligent manner and that such negligence was a proximate cause of his own damages then you will find for Mrs. Smith's Pie Company on Tommy J. Wallis's complaint.

The first point raised on appeal is that the trial court erred in instructing the jury on the law of Missouri absent proof of that law in the record. As a procedural matter we find no merit in this contention.

The issue of whether Missouri law was applicable was raised by the pleadings and was sufficient notice under Arkansas statutes. This procedure comports with Ark. Stat. Ann. § 27-2504 (Supp. 1975), a part of the Uniform Interstate International Procedure Act, which reads:

A. Notice. A party who intends to raise an issue concerning the law of any jurisdiction of governmental unit thereof outside this State shall give written notice in his pleadings or other reasonable written notice.

B. Materials to be considered. In determining the law of

any jurisdiction or governmental unit thereof outside this State, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence.

C. Court decision and review. The court, not the jury, shall determine the law of any jurisdiction or governmental unit thereof outside this State. Its determination is subject to review on appeal as a ruling on a question of law.

Under Ark. Stat. Ann. § 28-109 (Repl. 1962), Arkansas courts are required to take judicial notice of the statutory laws of other states, and we have held it is only necessary to plead foreign law, not prove it. See *F.E. Creelman Lumber Co.* v. *Lesh,* 73 Ark. 16, 83 S.W. 320 (1904). In light of these statutes we find compliance with the necessary procedure for introducing foreign law.

The only other point for reversal urged by appellants is that it was error to apply the law of Missouri to the proceedings.

Appellants are residents of Arkansas while appellee is a Pennsylvania corporation authorized to do business in Arkansas. The accident occurred in the State of Missouri. This Court has previously been committed to the rule that in tort cases where damages are sought for personal injuries, the substantive law of the state where the accident occurred is controlling. See *Bell Transportation Co.* v. *Morehead,* 246 Ark. 170, 437 S.W. 2d 234 (1969), and *McGinty* v. *Ballentine,* 241 Ark. 533, 408 S.W. 2d 891 (1966).

In *Babcock* v. *Jackson,* 12 N.Y. 2d 473, 240 N.Y.S. 2d 743, 191 N.E. 2d 279 (1963), the rationale of this traditional approach was stated as follows:

* * * It had its conceptual foundation in the vested rights doctrine, namely, that a right to recover for a foreign tort owes its creation to the law of the jurisdiction where the injury occurred and depends for its ex-

istence and extent solely on such law [citations omitted]. * * *

The advantage of this rule lies in its certainty, ease of application and predictability of results.

However, application of this rule is a cause of concern to this Court because Missouri follows the doctrine of contributory negligence which is a complete defense to any action brought by a negligent plaintiff. See *Howard* v. *Scarritt Estate Co.*, 267 Mo. 398, 184 S.W. 1144 (1916), and *Chandler* v. *Mattox*, 544 S.W. 2d 85 (Mo. App. 1976). See also *Powell Bros. Truck Line, Inc.* v. *Barnett*, 194 Ark. 769, 109 S.W. 2d 673 (1937). Arkansas, on the other hand, follows the more modern rule of comparative fault which apportions liability between plaintiff and defendant and permits the injured plaintiff to recover as long as his fault is less than that of defendant.

The traditional rule of *lex loci delicti* has fallen under much criticism in recent times and quoting from *Babcock, supra,* we find the following comment:

> . . . [T]he vested rights doctrine has long since been discredited because it fails to take account of underlying policy considerations in evaluating the significance to be ascribed to the circumstance that an act had a foreign situs in determining the rights and liabilities which arise out of that act. "The vice of the vested rights theory," it has been aptly stated, "is that it affects to decide concrete cases upon generalities which do not state the practical considerations involved [citations omitted]. More particularly, as applied to torts, the theory ignores the interest which jurisdictions other than that where the tort occurred may have in the resolution of particular issues. * * *

A number of jurisdictions are departing from a mechanical application of the traditional rule and applying a more flexible approach when faced with a situation which involves a choice of law between jurisdictions that have widely dissimilar laws. For example, in *Woodward* v. *Stewart*, 104 R.I.

290, 243 A. 2d 917 (1968), the court considered a negligence action which involved a Massachusetts accident with all parties being Rhode Island residents. After examining several cases, the court stated:

> * * * The clear import of the line of cases adopting the rule of flexibility, however, is that a forum court is free to apply the substantive laws of a state, other than the locus, when it finds that such state has the significant interest in the outcome of those issues.

Restatement (Second) of Conflict of Laws § 146 (1971) is also in accord with this view:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence . . . , in which event the local law of the other state will be applied.

In the case before us we note the action was brought in Arkansas by two Arkansas residents against a Pennsylvania corporation authorized to do business in this State. The only contact either party had with the State of Missouri was that each was traveling the interstate highway there en route to a destination in another state.

In *Mitchell* v. *Craft*, 211 So. 2d 509 (Miss. 1968), a case similar to that before us, the Supreme Court of Mississippi discussed several factors in deciding to apply the comparative negligence law of that state rather than the Louisiana law of contributory negligence. Two Mississippi residents were killed as a result of a collision between their vehicles on a Louisiana highway. In its opinion the court discussed choice-influencing considerations as presented by Dr. Robert A. Leflar[2] in several law reviews. These considerations are:

---

[2]Dr. Leflar is Distinguished Professor, University of Arkansas, noted scholar and recognized authority on the law of conflicts of law. See Leflar, American Conflicts Law (1968) and Leflar, Conflict of Laws: Arkansas — The Choice-Influencing Considerations, 28 Ark. L. Rev. 199 (1974); 54 Calif. L. Rev. 1584 (1966); 41 N.Y.U. L. Rev. 267 (1966).

(1) Predictability of results.
(2) Maintenance of interstate and international order.
(3) Simplification of the judicial task.
(4) Advancement of the forum's governmental interests.
(5) Application of the better rule of law.

The Mississippi court found the last two factors were important, stating:

> A primary consideration in determining applicable law is the advancement of the forum's governmental interests. Mississippi's interests in the present controversy are evident, while Louisiana has none. The parties were residents of Mississippi, and no citizen of Louisiana is involved. If there is any recovery on a new trial, it will be by a Mississippi plaintiff-administratrix or a defendant-administratrix as counterclaimant, acting as officers of a Mississippi court for the benefit of Mississippi citizens. This state is especially concerned with the protection of its injured domiciliaries and their families, and the distribution of its domiciliaries' estates. The law selected and applied in this case will determine the effect of the contributory fault, if any, of plaintiff's and counterclaimant's decedents. It will determine whether this negligence, if any, will preclude plaintiff or counterclaimant from recovery. It is this Court's duty to further this State's governmental interests. The comparative negligence statute of this State has been effectively administered for many years and we have an interest in applying it to Mississippi residents.

> Finally, an important consideration is application of the better rule of law. We believe in our own law in this instance. Comparative negligence, although utilized in diverse ways in only seven states, is a fairer and more economically equitable standard of liability than that of the common-law rule of contributory negligence.

In *McGinty v. Ballentine, supra,* this Court indicated in the appropriate case a change might be made in the Arkanaas rule, stating:

This "choice of law" rule urged by the appellant is sometimes also called the "forum preference" rule. * * *

We recognize that some courts, and a growing number of Law Review writers are going to the so-called "forum preference" rule. We cannot now say here whether this Court will, in a stronger case than the one presented, abandon the *"lex loci delicti"* rule in favor of the "forum preference" rule; but in the case at bar we adhere to the *lex loci delicti* rule, just as we held in *Wheeler* v. *Southwestern Greyhound, supra* [207 Ark. 601, 182 S.W. 2d 214]. Here, the deceased was not a resident of Arkansas; the administratrix was not appointed by any court in Arkansas; the traffic mishap did not occur in the State of Arkansas. The only contact that Arkansas had to the mishap was the fact that the defendant has a place of business in Arkansas. All of the other factors — residence of the deceased, place of mishap, the appointment of the administratrix — had their locale in Missouri. * * *

In *Schwartz* v. *Consolidated Freightways Corp. of Del.,* 300 Minn. 487, 221 N.W. 2d 665 (1974), a three vehicle accident occurred in Indiana. Plaintiff, a resident of Minnesota, brought suit in that state against co-defendant corporations foreign to the State of Minnesota but both licensed to do business there. All three vehicles were passing through Indiana en route to destinations in surrounding states. At the time of the accident, Indiana had in force the common law doctrine of contributory negligence while Minnesota had enacted a comparative negligence statute. In deciding to apply Minnesota law, the court stated:

> . . . Here, plaintiff is a lifelong resident of Minnesota and sustained his injuries in the course of his employment as a truck driver for a Minnesota corporation. The vehicle which he was driving was owned by this Minnesota employer, and was licensed, registered, garaged, maintained, and insured in Minnesota. Plaintiff had a Minnesota driver's license. The excursion which had brought plaintiff to Indiana originated in Minnesota

and was to terminate in Minnesota [although the load plaintiff was hauling was to be delivered to Fargo, North Dakota]. Plaintiff has received and continues to receive medical care in Minnesota for the injuries sustained in the accident. He currently resides in Minnesota, saddled with crippling physical disabilities arising from the collision. Thus, the economic impact of these injuries and of subsequent litigation will be felt by Minnesota residents. * * *

Arkansas first enacted a comparative negligence statute in 1955 (Acts of Arkansas, 1955, No. 191). This statute has been broadened so that liability is now determined by comparing the fault of the parties.

At the time of the accident involved here the Arkansas comparative fault statute, Acts of 1973, No. 303, §§ 1-3 (repealed by Acts of 1975, No. 367, § 4), read as follows:[3]

SECTION 1. The word "fault" as used in this Act includes negligence, wilful and wanton conduct, supplying of a defective product in an unreasonably dangerous condition, or any other act or omission or conduct actionable in tort.

SECTION 2. Fault chargeable to a party claiming damages shall not bar recovery of damages for any injury, property damage or death where the fault of the person injured or killed is of less degree than the fault of any person, firm, or corporation causing such damages.

SECTION 3. In all actions for damages for personal injuries or wrongful death or injury to property, fault chargeable to a claiming party shall not prevent a recovery where any fault chargeable to the person so injured, damaged, or killed is of less degree than any fault of the person, firm, or corporation causing such damage; provided, that where such fault is chargeable to the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such

[3]See Ark. Stat. Ann. §§ 27-1763 — 1765 (Suppl. 1975) for the present statutory sections.

fault.

This State's governmental interest in its citizens is best served by application of our comparative-fault statute rather than Missouri's contributory negligence law. As expressed in *Clark* v. *Clark,* 107 N.H. 351, 222 A. 2d 205 (1968), probably the truest governmental interest the forum has is "in the fair and efficient administration of justice," and in our opinion application of our statute better achieves that result.

The decided trend is away from the harsh results which occur in the application of the contributory negligence rule of law. Approximately 35 jurisdictions, including Pennsylvania,[4] the home state of appellant corporation, have now enacted comparative negligence statutes in some form. See Heft & Heft, Comparative Negligence Manual, Ch. 3, §§ 3.10 through 3.580 (1971).

We therefore find this State has a predominate interest in applying its comparative fault statutes to its own citizens and those who seek relief in its courts. See *Woodward* v. *Stewart, supra.* For equally compelling reasons we find Missouri rules of the road are applicable to questions of alleged negligence in the actual driving of the vehicle. At the time of the accident, the parties were traveling the highways of Missouri and were under a duty to obey the traffic laws in force there. In *Clark* v. *Clark, supra,* the automobile accident occurred in Vermont and the parties were residents of New Hampshire. The court discussed the issue of whether to apply the Vermont guest statute, the "gross negligence" standard, or the New Hampshire negligence law as follows:

> * * * We have an interest in applying it [common law negligence rule followed in New Hampshire] to New Hampshire residents, especially when such advance expectations as they may have had, based upon their domicile in New Hampshire, their maintenance of a car under our laws, and going on a short trip that was both to begin and end here, would have led them to anticipate application of our law to them. Unlike "rules of

---

[4]Pa. Acts 1976, No. 152, effective date September 7, 1976.

the road," as to which every consideration requires obedience to the rules that prevail at the place where the car is being driven, the factors that bear on this host-guest relationship all center in New Hampshire.

See also *Vick* v. *Cochran,* 316 So. 2d 242 (Miss. 1975).

In *Sabell* v. *Pacific Intermountain Express Co.,* 36 Colo. App. 60, 536 P. 2d 1160 (1975), a Colorado resident brought an action for damages against two corporations, both of which were resident and authorized to do business in Colorado. The action arose out of a motor vehicle accident which occurred in Iowa. At the time of the accident Colorado had a comparative negligence statute while Iowa followed the doctrine of contributory negligence. In determining which state's law would govern this issue the court stated:

> * * * The relationship the parties have with a particular state has the greatest effect upon which of such rules of recovery should apply. In distinction, rules regulating conduct, as an exercise of the police power, are designed to protect the public in general from acts committed within the state which represent a danger to the public health, safety and welfare. Thus "rules of conduct" are more closely related to the state where the conduct occurs while "rules of recovery" relate more clearly to the state with which a party is identified. (Citation omitted.)

For the foregoing reasons this cause is reversed and remanded as to Thomas Jeff Wallis with directions to apply the Arkansas law as to the comparative fault statutes, but to apply the Missouri law as to the "rules of the road." As previously mentioned, the causes of Mary Wallis and Thomas Jeff Wallis were independent actions with separate jury verdicts being returned as to each.

No abstract of any pertinent instructions which might reflect erroneous application of the law as to appellant Mary Wallis[5] was contained in the briefs. Absent such we cannot

---

[5]A search of the transcript reveals that no instruction on contributory negligence was given as to Mary Wallis, nor any instruction on joint vendure or imputed negligence.

assume error. Instruction No. 22 on contributory negligence which was abstracted applied only to actions of Thomas Jeff Wallis.

The burden is on appellant Mary Wallis to prove error as to her cause of action and having failed to meet this burden the judgment as to her is affirmed.

Reversed and remanded as to Thomas Jeff Wallis. Affirmed as to Mary Wallis.

BYRD, J., dissents.