Wayne McCARLEY *v.* Rachael SMITH

CA 02–537                                   105 S.W.3d 387

Court of Appeals of Arkansas
Division IV
Opinion delivered April 23, 2003

*Herby Branscum, Jr.* and *James Henderson,* for appellants.

*Alvin Schay,* for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee, Rachael Smith, is the mother of appellant, Wayne McCarley. Appellee filed suit against appellant, alleging that he convinced her to deed her 108-acre farm to him so that he could obtain a loan to pay off mortgage debts on the property and make improvements, with the agreement that he would re-deed the property back to her. She further alleged that he failed to return the property to her, and prayed that the court would order him to do so. Appellant denied making any such agreement and filed a counterclaim, alleging that he had incurred damages in the form of a lost chicken contract because of his mother's lawsuit. The circuit judge entered an order that contained no findings of fact, but simply dismissed appellant's counterclaim and granted appellee a life estate in the disputed property. The son appeals, asserting that the circuit judge's order is not supported by the evidence and is otherwise erroneous, and the mother cross-appeals, asserting that the grant of a life estate was inadequate relief. We reverse and remand.

Our supreme court has recently stated:

> To impose a constructive trust, there must be full, clear, and convincing evidence leaving no doubt with respect to the necessary facts, and the burden is especially great when a title to real estate is sought to be overturned by parol evidence. The test on review is not whether the court is convinced that there is clear and convincing evidence to support the chancellor's finding but whether it can say the chancellor's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous, and we defer to the superior position of the chancellor to evalu-

ate the evidence. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Nichols v. Wray*, 325 Ark. 326, 333, 925 S.W.2d 785, 789 (1996) (internal citations omitted).

█ █ We are convinced that a mistake has been committed in the present case because the trial court's order is not supported by the facts in evidence. It would be permissible, in a land-transfer case, for the court to impose a constructive trust and grant relief in the form of a life estate if there was clear and convincing evidence that the land was deeded with the intention that the conveyor would be allowed to live on the land for the rest of her life. This was done in *Brasel v. Brasel*, 313 Ark. 337, 854 S.W.2d 346 (1993). However, there was no such evidence in the present case. The only evidence of an agreement came from the appellee, who stated that she deeded the property to her son in order to get a loan with the understanding that he would later return the property to her. This evidence, if believed, would support the imposition of a constructive trust, but the relief would not be a life estate because there was no agreement to that effect. Instead, the proper relief in these circumstances would be to require the mother to reimburse the son for his expenses, at which time the mother would be entitled to have legal title vested in her. *See, e.g., Kerby v. Feild*, 183 Ark. 714, 38 S.W.2d 308 (1931).

█ Because the imposition of a constructive trust is potentially consistent with the facts in evidence, but the relief granted by the circuit judge is not, we are unable to determine the basis for the chancellor's decision on appellate review sufficiently to permit us to fully address the issues presented on appeal and cross-appeal. Therefore, further proceedings are needed to allow the chancellor to fashion relief consistent with the facts in evidence. Consequently, we reverse and remand for further proceedings consistent with this opinion. *See Wrightsell v. Johnson*, 77 Ark. App. 79, 72 S.W.3d 114 (2002).

Reversed and remanded.

ROBBINS and VAUGHT, JJ., agree.