## Charles M. BETTIS *v.* C. Welton BETTIS

CA 05-1323                                        239 S.W.3d 5

Court of Appeals of Arkansas
Opinion delivered September 13, 2006

*Womack, Landis, Phelps, McNeill & McDaniel, P.A.*, by: *Tom D. Womack* and *J. Nicholas Livers*, for appellant.

*W. Ray Nickle*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. This case involves a dispute between two Georgia residents regarding ownership of stock in the Bank of Trumann. When the Bank of Trumann, which is located in Arkansas, was sold to another party, it was obliged to deliver the proceeds of the sale to the owner of the stock. Difficulties arose in doing so with respect to the shares in question because ownership of the stock was disputed; appellant Charles M. Bettis had directed the Bank of Trumann to issue the stock certificates in the name of his son, appellee C. Welton Bettis, but C. Welton Bettis did not have possession of the stock certificates issued in his name. Consequently, the Bank of Trumann filed an interpleader action

naming appellant and appellee as defendants and requesting that it be allowed to deposit the funds into the registry of the court and be discharged from liability. After a hearing, the trial court found that appellee had presented sufficient evidence to shift the burden to appellant to show that he did not intend to make an *inter vivos* gift of the stock and that appellant had failed to do so. On appeal, appellant argues that the trial court erred in applying Arkansas law rather than Georgia law, and in finding that appellant made a completed gift of the stock to appellee. We find no error, and we affirm.

■ Appellant argues that Georgia law should have been applied in determining ownership of the stock. He argues that we should determine which state's law should apply based on application of the five choice-influencing factors presented by Dr. Robert A. Leflar and adopted by the Arkansas Supreme Court in *Wallis v. Mrs. Smith's Pie Co.*, 261 Ark. 622, 550 S.W.2d 453 (1977).[1] We need not do so in the present case because our examination of the law leads us to the conclusion that the laws of Arkansas and Georgia applicable to this case are substantially the same. Dr. Leflar considered this situation to be one involving "false conflicts," explaining that:

> The concept is properly applicable to any case in which the laws of two involved states are the same, or would produce the same result. In that situation there is *no conflict* between the two states' laws, and no conflicts of laws problem. It is not necessary to choose between the laws of the two states. The case is easily resolved by applying to it the rule of law which is common to both states. There are strange old cases in which courts, not recognizing that this is a "false conflicts" situation, went through the gymnastics of deciding which state's law should govern, then wound up with the odd conclusion that neither state's law should govern. Theirs was an easy problem, but they made it a hard one. They did not recognize that the problem was one of conflict of *laws*, not one of conflict of *states*.

---

[1] These are: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *Wallis v. Mrs. Smith's Pie Co.*, *supra*.

R. Leflar, *Conflict of Laws: Arkansas — The Choice-Influencing Considerations*, 28 Ark. L. Rev. 199, 204-05 (1974) (emphasis in original) (footnotes omitted).

There is no dispute about the relevant facts. Appellant directed the Bank of Trumann to issue stock in the name of his son, the appellee. The stock certificates were delivered to appellant's offices, where appellee was employed, and were kept there in a safe. After several years had passed, there appears to have been a falling out between the parties; appellee was no longer employed by appellant. The dividends were sent to appellee at a different address, and he reported the dividend income as taxable income on his returns. Appellant retained possession of the stock certificates.

In *Plant v. Plant*, 271 Ark. 369, 609 S.W.2d 93 (Ark. App. 1980), an early case of the Arkansas Court of Appeals involving a gift of stock, Judge Hays summarized the applicable law as follows:

> We find that the case law dealing with gifts of stock reflects a solemn emphasis on the formal execution of documents which are the subject of a gift, especially when followed by delivery of the certificate itself. Such transfer of all the indicia of ownership, i.e., both the formal title and the manual possession of the certificate itself, should not be readily disregarded. In *Johnson v. Johnson*, 115 Ark. 416, 171 S.W. 475 (1914), in considering a gift of stock, the Supreme Court stated that since the stock was transferred on the records of the company and appeared in the name of the donee, the burden was on the appellant to prove that the stock was not the property of the donee.

> Similarly, in *Owens v. Sun Oil Company*, 482 F.2d 564 (C.C.A. - 10th Circuit), applying the substantive law of Arkansas, it was held that where the donor directed a transfer of ownership of corporate stock for the purposes of a gift to a donee who died before completion of delivery, the fact that the donee's name was on the certificate was prima facie evidence of his ownership.

> In *Aycock v. Bottoms*, 201 Ark. 104, 144 S.W.2d 43 (1940), an attempt was made to subject various assets, including stock, to a trust for the benefit of heirs of a decedent, the shares being held in the name of the widow. The court rejected the argument that delivery of the stock was not proven, essential to a gift, stating that the assignment to a donee by a holder is tantamount to delivery of the stock, though manual delivery may be wanting.

*Plant,* 271 Ark. at 374–75, 609 S.W.2d at 96–97. Despite appellant's arguments to the contrary, the law of Georgia is fundamentally identical. Physical delivery of the stock certificates is not an essential element of an *inter vivos* gift of stock under Georgia law where the stock is transferred on the corporate books to a son who thereafter received the income therefrom. *Foley v. Allen,* 170 F.2d 434 (5th Cir. 1948). Furthermore, a rebuttable presumption of gift arises under Georgia law where a parent pays the consideration for the transfer of legal title to real or personal property to a child. Ga. Code Ann. § 53-12-92(c) (1997).

█ Based on the undisputed evidence that appellant directed that the stock be transferred to appellee's name on the corporate books and appellee enjoyed the benefits of ownership for many years, the trial court found that appellee had presented sufficient evidence to shift the burden to appellant to show that he did not intend to make an *inter vivos* gift of the stock, and that appellant had failed to do so. The remaining question on appeal is whether the trial court erred in so finding. Where, as here, a case is tried by a circuit court sitting without a jury, the inquiry on appeal is whether the trial court's findings are clearly erroneous. *Brown v. Blake,* 86 Ark. App. 107, 161 S.W.3d 298 (2004). In making this determination we recognize the trial judge's superior opportunity to determine the credibility of the witnesses and the weight to be given to their testimony. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *McCarley v. Smith,* 81 Ark. App. 438, 105 S.W.3d 387 (2003). On this record, giving due recognition to the trial court's superior opportunity to determine weight and credibility, and considering that the same strict degree of proof as to delivery that a gift was intended is not required between members of a family as is required where the gift is to a stranger, *Aycock v. Bottoms,* 201 Ark. 104, 144 S.W.2d 43 (1940), we cannot say that the trial court clearly erred in finding that appellant failed to rebut the presumption.

Affirmed.

GLADWIN and GLOVER, JJ., agree.