WYNN MOTEL HOTEL, INC., *v.* CITY OF TEXARKANA.

4-9207                                        230 S. W. 2d 649

Opinion delivered May 15, 1950.

Rehearing denied July 3, 1950.

*George F. Edwardes,* for appellant.

*Dennis K. Williams* and *Shaver, Stewart & Jones,* for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellee, City of Texarkana, Arkansas, to remove an encroachment on the south side of East Seventh Street in said city allegedly resulting when appellant, Oney Earl Wynn, in 1946, erected a building known as the ''Wynn Motel'' five and one-half feet over the north boundary of his Lot 12, Block 26, of the original town of Texarkana, Arkansas.

The complaint alleged that in December, 1880, the St. Louis Iron Mountain & Southern Railway Company, hereinafter called Southern, made and recorded a plat of the blocks, lots, streets and alleys of the original town of Texarkana, Arkansas, on part of a certain section of land in Miller County, Arkansas, showing said Lot 12 to be 49 feet wide and 140 feet long abutting on East Seventh Street, which was shown by said plat as being 78 feet wide at all places; that appellant Wynn and his predecessors in title claimed title to said lot through Southern and their conveyances are based on said plat; that state and federal highway authorities were in the process of widening and resurfacing East Seventh Street and required the

full width thereof for such purposes. Appellee prayed that a mandatory injunction be issued requiring appellants to remove the alleged encroachment. The suit originated in chancery, but was transferred to circuit court on motion of appellants.

In the answer appellant Wynn asserted ownership of said Lot 12 together with a strip nine feet and 10 inches wide and 140 feet long adjacent to the north boundary of said lot by adverse possession of Wynn and his predecessors in title since 1877. It was also alleged that Southern parted with its title to the property in 1877 and, therefore, had no right to dedicate a street 78 feet wide in 1880. After the circuit court denied appellee's motion to remand to chancery, the case proceeded to trial before a jury resulting in a verdict and judgment for appellee.

The first three assignments of error in the motion for new trial challenge the sufficiency of the evidence to support the verdict. The fourth assignment alleges that the uncontradicted evidence reflects that appellant Wynn has title to the strip of land in controversy by adverse possession. The fifth assignment is that the trial court erred in refusing to grant a motion for a peremptory instruction for appellants at the conclusion of the testimony on behalf of appellee.

The evidence reflects that about the time Texarkana was incorporated as a town, Seventh Street, at the point in controversy, traversed a knoll which was cut down by the town in opening and grading the street, leaving a terrace or embankment about three feet high on or adjacent to the south side of the street and increasing in height to the back of said Lot 12 now owned by appellant Wynn. The evidence is in sharp dispute as to whether the front or north edge of this terrace formed the north boundary of said Lot 12, or whether said terrace extended several feet into the south part of East Seventh Street for the 140-foot length of the lot abutting on said street.

It is undisputed that four small houses were erected and stood on top of this terrace facing Seventh Street for many years prior to 1935 when appellant Wynn went

into possession of Lots 11 and 12 of Block 26 under a gift from his mother, Mary E. Pugh. Wynn removed the houses in 1935 and graded Lot 12 down to the street level. The oldest of the houses, known as the Dosty house, was on the west end of the lot at the corner of Seventh and Hazel Streets. In 1936 Wynn erected a filling station on or near the site of the Dosty house. The filling station does not fall within the encroachment area and the evi-' dence is in dispute as to whether the Dosty house and the other three houses removed by appellant actually extended into the 78-foot street.

In 1946 appellant Wynn obtained a permit from the city and erected the Wynn Motel east of the filling station. Two of the engineers and surveyors testified that the front of the building extended into Seventh Street five feet and six inches. Another surveyor stated that the encroachment was five feet and seven inches, while a fourth fixed the encroachment at five feet and three inches. Some of the witnesses for appellant thought the old houses extended as far, or farther, into Seventh Street than the Motel building, while there was evidence on behalf of the city that said buildings did not encroach on said street.

There was also considerable variance in the testimony as to when the four houses were erected on the terrace. There was some evidence on behalf of appellants that the houses were erected prior to 1890. However, one of appellant's witnesses stated that J. H. McClain erected the three houses east of the Dosty house, on the site of the present Motel, during his ownership of the lot, and the record discloses that the property was deeded to McClain in 1899.

The parties stipulated that Texarkana was incorporated as a town in 1880, advanced to a city of the second class in 1887, and became a city of the first class in 1903. The first statute exempting municipalities from the statute of limitations as to streets and other public places was enacted in 1885 and applied only to cities of the first class. This statute now appears in the third subdivision

of Ark. Stats. (1947), § 19-2304. Since Texarkana did not become a city of the first class until 1903, the case was submitted to the jury on the question whether Wynn's predecessors in title actually held adverse possession of the strip in controversy for seven years prior to 1903.[1] This question was resolved in favor of the city on evi-. dence which is disputed but substantial and sufficient to support the verdict. It follows that the trial court did not commit error in refusing to direct a verdict in favor of appellants.

The sixth assignment in the motion for a new trial alleges error in the court's refusal to give appellants' requested instructions Nos. 2, 3, and 5. The requested instructions are set out in appellants' brief, but none of the other instructions are abstracted. We have repeatedly held that the refusal to give certain instructions cannot be relied upon as error unless all of the instructions are set out in the abstract. *Keller* v. *Sawyer*, 104 Ark. 375, 149 S. W. 334. In *DeQueen & Eastern Ry. Co.* v. *Thornton*, 98 Ark. 61, 135 S. W. 822, the court said: "Counsel for appellant assign as error the action of the court in refusing a certain instruction, which they set out in their abstract. They contend that the refused instruction is not covered by any other instruction given. But they have not set out the other instructions, and the court might differ with them as to their construction of the omitted instructions. Under rule 9 counsel must abstract them, or we will assume that the theory embraced in the refused instruction was fully covered by the other instructions given which are not abstracted. *St. Louis, I. M. & S. Ry. Co.* v. *Boyles*, 78 Ark. 374, 95 S. W. 783."

Where instructions given in a case are not set out in appellants' brief, it is conclusively presumed that the

---

[1] Ark. Stats. (1947), § 19-2305 provides that no statute of limitation shall bar removal of street encroachments by cities of the second class. This statute was enacted in 1897. While its provisions were not invoked in the instant case, the testimony as to seven years adverse possession prior to 1897 is, of course, weaker than that relating to such possession prior to 1903. The statute seems to have also been overlooked in the case of *Fordyce* v. *Hampton*, 179 Ark. 705, 17 S. W. 2d 869. Ark. Stats. (1947), § 19-3831 was enacted in 1907 and applies to all municipalities.

case was submitted to the jury under instructions correctly declaring the law. *Wilson-Ward Co.* v. *Fleeman,* 169 Ark. 88, 272 S. W. 853; *Sloan* v. *Ayres,* 209 Ark. 119, 189 S. W. 2d 653. The court gave four instructions requested by appellee and two requested by appellants. Since these instructions are not abstracted, it must be presumed that the court correctly declared the law governing the issues. Moreover, the refused instructions relate to questions of abandonment and estoppel by the city and establishment of an alleged agreed boundary between the city and Wynn, or his predecessors in title; and this court has held contrary to appellants' contention on said issues in the following cases: *Little Rock* v. *Wright,* 58 Ark. 142, 23 S. W. 876; *Paragould* v. *Lawson,* 88 Ark. 478, 115 S. W. 379; *Mebane* v. *City of Wynne,* 127 Ark. 364, 192 S. W. 221; *Butler* v. *Emerson,* 211 Ark. 707, 202 S. W. 2d 599.

The seventh and last assignment of error in the motion for new trial reads: "That the Court erred in giving each and all of the instructions requested by the Defendants [Plaintiff] and particularly Instruction No. ............ which charged the jury that no title by adverse possession could be acquired after May 27, 1903, for the reason that said instruction was contradictory to Defendants Instruction No. 1 and was confusing to the jury." In connection with this assignment appellants earnestly insist that the trial court committed error by arbitrarily instructing the jury in appellee's requested instruction No. 5 that the strip of land in controversy was 5 feet and 6 inches wide when there was a variance in the testimony as to the width of the alleged encroachment. Even if it be conceded that appellants properly preserved an exception to the challenged instruction in said assignment seven, the abstract is fatally defective in that none of the instructions given are set out in appellants' brief.

It is also argued that a verdict should have been directed for appellants because appellee failed to show or deraign title to a street 78 feet wide. The record shows that Cairo & Fulton Railroad Company procured a patent from the United States covering the site of the original

town of Texarkana in 1857 and published a map of the town. The patentee railway consolidated with St. Louis, Iron Mountain Railway Company in 1874 to form Southern which conveyed Lot 12 in Block 26 to W. M. Fuller in 1877. On March 1, 1880, Fuller conveyed to B. F. Kelly "Lot 12 in Block Number 26 in the town of Texarkana, Arkansas, as laid down on the map of said town published by the Cairo & Fulton Railroad Company now the St. Louis Iron Mountain & Southern Railway, being forty-nine feet front by one hundred and forty feet deep." Kelly conveyed the lot to Nannie Mooring in 1886 and the latter conveyed to J. H. McClain in 1899. In 1923 McClain conveyed the lot to W. K. Pugh, who devised the property to his widow, Mary E. Pugh.

It is true that the dedication deed and plat were made and recorded by Southern in 1880 after the deed to Fuller in 1877 and the record here does not show whether Cairo & Fulton Railroad Company sold lots with reference to the map it published prior to consolidation with St. Louis, Iron Mountain Railway Company. But it is clear from the record that the parties here claim under a common source of title and that Lot 12 of Block 26, which is described throughout the chain of title as being 49 feet wide and 140 feet long has been conveyed and reconveyed with reference to the map recorded by Southern in 1880 and the earlier map published by Cairo & Fulton Railroad Company. It is well settled that "when the owner of land makes a plat thereof, or adopts one made by someone else, and sells lots by reference to the map, this amounts to a dedication of the streets and public ways shown on the map." *Hope* v. *Shiver*, 77 Ark. 177, 90 S. W. 1003. The evidence is sufficient to show that Southern adopted the map published by Cairo & Fulton Railroad Company and there was a dedication of the abutting Seventh Street by sale with reference to the published plat.

When Kelly sold and conveyed Lot 12 to Nannie Mooring in 1886, he adopted the plat recorded by Southern showing a street 78 feet wide abutting said lot. Appellant Wynn claims title under this deed and all intervening sales and conveyances from Nannie Mooring to

appellant Wynn were made with reference to the recorded dedication deed and plat showing the width of Seventh Street as 78 feet. Since these sales and conveyances were made according to the recorded plat adopted by the several grantors, it is immaterial that Southern had parted with title to Lot 12 when the dedication deed and map were recorded. The evidence is, therefore, substantial and sufficient to show a valid dedication of a 78-foot street by the several conveyances which stem from the common source of title of the parties.

The judgment of the circuit court is affirmed.