LANCASTER *v.* INC. TOWN OF MOUNTAIN VIEW.

5-1226                                                    300 S. W. 2d 603

Opinion delivered March 25, 1957.

[Rehearing denied and opinion amended, April 29, 1957]

*Ben B. Williamson,* for appellant.

*John B. Driver* and *N. J. Henley,* for appellee.

MINOR W. MILLWEE, Associate Justice.    Appellees, Incorporated Town of Mountain View, Arkansas, and two of its taxpaying citizens filed this suit to enjoin the appellants, C. K. Lancaster, C. L. Lancaster Jr. and Richard Lancaster from the further erection of an obstruction upon the southern terminus of Lancaster Street in said town and to require removal of that portion of a building already erected.   This appeal is from a decree granting the relief prayed.

According to appellees' proof G. D. Lancaster, father of C. K. Lancaster and grandfather of the other two appellants, owned lands in 1905 which he desired to lay out as an addition to the town of Mountain View.

In that year G. D. Lancaster filed for record a plat of land called Lancaster's Addition to the Town of Mountain View which designated streets, blocks and lots therein. In 1916 he filed and recorded a supplemental or additional plat of dedication more particularly describing the area involved in this litigation. Also in 1916 the town council of Mountain View caused a map of the town to be made and filed of record which included Lancaster Addition and is still the official map of the town. After the filing and recording of said plats and map G. D. Lancaster and subsequent owners sold and transferred lots in the addition by reference to the recorded plats and map. Among many such transactions is a warranty deed executed by the appellant, C. K. Lancaster, and the other heirs of G. D. Lancaster, deceased, on March 6, 1947, to the area in controversy here.

Lancaster Street runs north and south through the western part of Mountain View for about four blocks. As shown by the official map and supplemental plat filed by G. D. Lancaster, the area in controversy is that part of Lancaster Street bounded on the north by Main Street, which runs east and west, and on the south by State Highway 66, which is the southern terminus of Lancaster Street and marks the corporate limits of the town at that point. Appellants own a small triangular strip designated as Lot 12 which is adjacent to the area in question on the east side of Lancaster Street and across the street from the American Legion Hut built about 1932. In 1946 appellants constructed a filling station on their lot with a concrete apron or slab that extended upon the street several feet which has been used for washing and parking cars.

Shortly before the filing of this suit on December 10, 1955, appellants started construction of a concrete block addition to their filling station building. This addition encroached upon Lancaster Street a distance estimated at 12 feet 11 inches to 14 feet. Although Lancaster Street is 33 feet wide at this point according to the official map, the mainly traveled portion is about 22 feet wide. According to appellees' witnesses the

area in controversy has been used by the public generally as a street for more than 25 years and during most of this time the town has graded and maintained it in the same manner as other streets of the town.

Appellants first say the town of Mountain View never legally authorized the bringing of the instant suit, but it is unnecessary to determine this question. Regardless of the town's authority to prosecute the suit, the two taxpaying citizens who joined as party plaintiffs had a right to maintain it as a class action under Ark. Stats., Sec. 27-809. *Goodman* v. *Powell*, 210 Ark. 963, 198 S. W. 2d 199.

Appellants' contention that the area in controversy was never properly dedicated to public usage is also without merit. Many of our decisions recognize the rule that where owners of land lay out a town or an addition to a city or town, platting it into blocks and lots, intersected by streets and alleys, and sell lots by reference to the plat, they thereby dedicate the streets and alleys to the public use, and such dedication is irrevocable. *Stuttgart* v. *John*, 85 Ark. 520, 109 S. W. 541; *Mebane* v. *City of Wynne*, 127 Ark. 364, 192 S. W. 221; *Butler* v. *Emerson*, 211 Ark. 707, 202 S. W. 2d 599. A preponderance of the evidence supports the conclusion that such dedication was made of the area in controversy; and that the individual plaintiffs and other residents of the town acquired prescriptive rights by reason of the fact that the general public adversely used the area as a public way for more than seven years. The decree permanently enjoining appellants from further construction of said concrete block building in Lancaster Street and directing removal of that portion already built is accordingly affirmed.