Dr. R. Lawrence CASEBEER et ux v. BEACON REALTY, INC.

5-5152                                    449 S. W. 2d 701

Opinion delivered February 9, 1970

*Kelley & Luffman,* for appellants.

*Crouch, Blair, Cypert & Waters,* for appellee.

JOHN A. FOGLEMAN, Justice. Opal Irene Casebeer, wife of Dr. R. Lawrence Casebeer, both of whom are appellants here, is the owner of a lot in Pine Ridge Estates, a residential subdivision in Benton County, Arkansas. She purchased the lot from appellee in 1968. It appears from the pleadings and a stipulation in the record that appellee Beacon Realty, Inc., is the owner of all properties in the subdivision which will be traversed by a passageway proposed by Beacon through

Block 3 connecting, inside the subdivision, with Pine Ridge Drive and Ridge Lane, two streets therein. Unless enjoined, Beacon will pave 18 feet of a 20-foot easement constituting this passageway for the use of vehicular traffic and other passage. All of the passageway will cross lands owned by appellee Beacon, and none of it will cross or touch any property owned by appellants.[1] This appeal comes from a decree of the chancery court dissolving a temporary restraining order previously granted on petition of appellants and denying their petition for a permanent injunction which would restrain appellee from proceeding with the proposed construction.

The property owned by appellants faces on Pine Ridge Drive. Block 3 is divided by White Oak Drive and all of the lots therein front either on White Oak Drive, which dead-ends in the subdivision, or on Red-bud Terrace which connects at one end with a state highway and at the other with a county road. The rear line of appellants' property is on the dividing line between Blocks 3 and 4. Nine lots in Block 3 and seven in Block 4 including Mrs. Casebeer's property would abut upon this way. It was stipulated that appellee planned to designate this passageway as a private drive to be used only by individuals with lands abutting upon it.

At the time of the purchase of Lot 10 in Block 4 by Mrs. Casebeer, there was on record a plat of the subdivision, accepted by the county court, and protective covenants prepared by appellee. While appellants state four points to be relied upon for reversal, all of them relate to the construction or application of a single covenant. It read:

"LAND USE AND BUILDING TYPE: No lot

---

[1] The stipulation recites that the passageway would not touch any property of appellants. From plats in the record, it appears that the Casebeers would abut the proposed passageway. We treat the matter as if the plat correctly reflects the situation.

shall be used except for residential purposes."

Cases involving construction of, or enforcement of, restrictive covenants are sparse in Arkansas. By the great weight of authority, restrictive covenants are to be strictly construed against limitations upon the free use of property, and all doubts resolved in favor of the unfettered use of the land. In other words, if there be any doubt, they are to be construed strictly against those seeking to enforce them and liberally in favor of freedom in use of the land. See 20 Am. Jur. 2d 755, Covenants, Conditions, etc., § 187 (1965); 26 C. J. S. 1094, 1098, Deeds, § 163a (1956); Annot., 175 A. L. R. 1191, 1193 (1948); Annot., 25 A. L. R. 2d 904, 905 (1952). This rule of construction is based upon the repugnance of restrictions on the use of land to trade, commerce, recognized business policy and common law rights to use lands for all lawful purposes. See 26 C. J. S. 1088, Deeds § 162(3) (1956). This doctrine was recognized by this court in *Faust* v. *Little Rock School Dist.*, 224 Ark. 761, 276 S. W. 2d 59, wherein we said that where there is uncertainty in the language by which a grantor in a deed attempts to restrict the use of realty, freedom from restraint would be decreed. We have also held that when the language of the restrictive covenant is clear and unambiguous, the parties will be confined to the meaning of the language employed and that it is improper to inquire into the surrounding circumstances or the objects and purposes of the restriction for aid in its construction. *Linder Corp.* v. *Pyeatt*, 222 Ark. 949, 264 S. W. 2d 619.

Various results are reached in cases from other jurisdictions, most of which depend upon the particular language of the restrictive covenant and the particular use to which the right-of-way is to be put. We think that the most desirable result in a case of this sort was reached in the case of *Callaham* v. *Arenson*, 239 N. C. 619, 80 S. E. 2d 619 (1954). In that case it was held that the owner of four lots in a subdivision could locate a 50-foot street or roadway along the line between two of the lots without violating a restrictive covenant lim-

iting the use of the property to residential purposes. The North Carolina Court said that ordinarily the opening and maintenance of a street or right-of-way for the better enjoyment of residential property as such does not violate a covenant restricting the property to residential purposes. We take this to be an appropriate rule for application in this case, where it is the intention and plan of the owner of the property over which the right-of-way will pass to designate it as a private drive to be used only by individuals with land abutting on the passageway and where there is no connection of the proposed right-of-way with any street or property outside the subdivision itself.

The application of this rule in this case is in harmony with other decisions of this court. In *Wortsmith* v. *Matthews Co.*, 247 Ark. 732 (December 1, 1969), 447 S. W. 2d 342, we said that the replatting of lots so as to lay out an alley or private way across the back thereof was not prohibited by covenants set out in a bill of assurance restricting land use to specific types of buildings so that the usage would be in keeping with the highest class residential occupancy.

Appellants argue that this case should be controlled by a later North Carolina case, *i. e., Long* v. *Branham,* 271 N. C. 264, 156 S. E. 2d 235 (1967). There, it was held that the construction of a roadway within a subdivision connecting a street therein with one in an adjoining unrestricted subdivision violated a restrictive covenant against use of any lot for other than residential purposes. Appellants argue that the *Long* case makes the *Callaham* case applicable only to the facts and unique restrictions of that case, so that it is authority in that situation only. The principal distinction pointed out between the two cases by the North Carolina Court was that the streets involved in *Callaham* were all within the original subdivision itself. It was also pointed out that in the earlier case there was no plan to connect the new streets with those of any adjoining develop-

ment.[2] In any event, we feel that the rule stated in the *Callaham* case is appropriately applicable to the facts in this case. We also feel that the *Long* case is readily distinguishable from the case before us, because the construction of this passageway will not make it or any street in the subdivision a thoroughfare carrying traffic from another subdivision contrary to the objectives of the restrictive covenants, as would have. been the case in *Long*.

Under the facts in this case, we find that the construction of the proposed passageway éntirely on property owned by appellee is not such a violation of the restrictive covenant in this case as would destroy the obvious intention that Pine Ridge Estates be purely a residential area.

The decree is affirmed.

BYRD, J., concurs.

---

[2] In the *Long* case, it was pointed out that it had even been held in other jurisdictions that lots, restricted to residential uses only, might be used to provide a street or passageway connecting with another subdivision or area or with a street outside the subdivision without violating such a covenant.