Ray BRASEL *v.* Carroll Dean BRASEL

93-227                                              854 S.W.2d 346

Supreme Court of Arkansas
Opinion delivered June 1, 1993

*Roy E. Danuser* and *Griffin Smith*, for appellant.

*Van Thomas Younes*, for appellee.

DONALD L. CORBIN, Justice. Appellants in this case filed suit to enforce a trust they alleged had been established by Ray Brasel. Appellants alleged Ray Brasel, the father of Carroll Dean Brasel, deeded property to Carroll Dean Brasel and his wife, Shelby J. Brasel, in trust in a deed dated August 27, 1982. Appellants alleged that while the deed appeared "absolute on its face, the conveyance was actually in trust, the terms of which were that [Carroll Dean Brasel] was to share equally with all descendents of Ray Brasel." At trial, appellants made clear that they were trying to establish a constructive trust and not an express trust. The chancellor determined that the evidence was clear and convincing that the land was deeded to appellee with the understanding that Ray Brasel would have a place on the land to live for the remainder of his life and imposed a constructive trust "to the extent that [Ray Brasel] is found to hold a life estate in and to the said property and the said deed is declared to be subject to said life estate." As to the claim of the remaining appellants, Ray Brasel's descendents and appellee's siblings and their children, the chancellor determined that there was not clear and convincing evidence that appellee either agreed to pay money to or share the property with his siblings. Therefore, the chancellor refused to impose a constructive trust for the benefit of Ray Brasel's descendants. Appellants appeal the decision of the chancellor limiting the relief to a life estate in Ray Brasel instead of a constructive trust for the benefit of all appellants. Appellants assert two points on appeal. They are:

I. The chancellor erred by limiting relief to a life estate in Ray Brasel without designating his remaining heirs as remaindermen.

II. The chancellor erred by holding the deed was a gift and then reforming the deed because gifts are not susceptible to reformation.

Appellants' only argument as to point one is that appellee is estopped from asserting his claim of complete personal ownership by the finding of the chancellor that he holds the property in constructive trust. Appellants contend it is a well settled rule that a trustee cannot assert an interest adverse to the trust and appellee is therefore prevented from asserting his claim of complete ownership. While this is a well settled rule, the rule

applies to trustees of express trusts and the case appellants cite for this proposition involves an express trust. In this case the chancellor did not find that an express trust existed, he found that a constructive trust should be imposed. A constructive trust is distinctly different from an express trust. As explained in Scott on Trusts,

> [T]he constructive trust, unlike the express trust, is a remedial and not a substantive institution. A constructive trust bears much the same relation to an express trust that a quasi-contractual obligation bears to a contract. In the case of a constructive trust, as in the case of quasi-contract, an obligation is imposed not because of the intention of the parties but in order to prevent unjust enrichment.
>
> It is not infrequently said that where a person would be unjustly enriched if he were permitted to retain property, a court of equity "converts him into a trustee." The expression is misleading. *The defendant is not converted into a real trustee. He is not even treated as though he were a real trustee, except that he is not permitted to retain the property for his own benefit.* One would hardly say that where a quasi-contractual obligation is imposed the court converts the defendant into a contractor, or converts the obligation into a contract.
>
> . . . [I]t is useless if not mischievous to attempt to phrase a definition of a trust so as to include both express trusts and constructive trusts. They are distinct concepts. They are not two species of a single genus. [Emphasis added] [citations omitted].

William F. Fratcher, Scott on Trusts § 462.1 at 312 (4th ed. 1989). Therefore, appellee is not a real trustee and appellants' argument does not apply.

For appellants' second argument on appeal, they contend the chancellor erred by finding the deed was a gift and then reforming the deed to reserve a life estate for Ray Brasel. Appellants also contend that since the conveyance involved a constructive trust the deed is a nullity. Appellants cite no authority for the proposition that the deed is a nullity since the chancellor imposed a constructive trust. To the contrary, the deed

is not affected except that appellee holds title subject to Ray Brasel's right to live on the property for life which the chancellor imposed by constructive trust. The chancellor found the deed to be valid and he imposed a constructive trust for Ray Brasel's benefit.

Appellants next contend that as a gift, it was beyond the chancellor's power to change the provisions of the deed and, thus, appellee held the land as trustee. The chancellor did not reform the deed as appellants allege. The chancellor imposed a constructive trust on appellee limiting his use of the property conveyed by the deed. The two are not the same. As trustee, appellants contend appellee could not assert full ownership of the land. As discussed above, this prohibition against a trustee asserting an interest contrary to the trust applies to express trusts, not constructive trusts.

While this court reviews chancery cases *de novo* we will not reverse the findings of fact by the chancellor unless they are clearly erroneous, giving due weight to the superior position of the chancellor to judge the credibility of the witnesses. *Nunley* v. *Orsburn*, 312 Ark. 147, 847 S.W.2d 702 (1993). Since appellants have not demonstrated that the chancellor's findings of fact were clearly erroneous, we affirm.

BROWN, J., not participating.