CITY OF SHERWOOD, Arkansas, L.D. Livingston and
Willi Dean Livingston, His Wife, and Michael Lane Hoffman
and Shannon Jo Meyer Hoffman, His Wife *v.* Calvin COOK
and Audmese Cook

93-248                                          865 S.W.2d 293

Supreme Court of Arkansas
Opinion delivered November 15, 1993

116

*Kinard, Crane & Butler. P.A.*, for appellants.

*Howard Tanner*, for appellees.

STEELE HAYS, Justice. This suit to quiet title to a twenty foot

strip of land was brought by appellees Calvin and Audmese Cook against the City of Sherwood, Michael and Shannon Jo Hoffman, and L.D. Livingston and Willi Dean Livingston, appellants. The chancellor ordered the Cooks' title quieted and the appellants now challenge that ruling on appeal. We sustain the chancellor's findings and conclusions.

The Cooks own approximately six acres in Sherwood. The disputed strip of land lies on the southern border of the Cooks' property. The appellants maintain the property is located within Block 2 of the Trammel Addition to Sherwood. Plats and Bills of Assurance for Trammel Addition were filed at various times by Metropolitan Trust Company. The six acre tract has never been described or platted in the Bills of Assurance and plats for the Trammel Addition. Furthermore, the six acres has been described by metes and bounds in every instrument of conveyance introduced at the trial.

The following diagram is the plat filed in January, 1947 for Block 2 of the Trammel Addition:

The Cooks' property is located in the southwest corner of the plat directly south of Lots 1 through 6 and west of Lot 7, the disputed strip being twenty feet by 488.08 feet on the southern border of their property.[1] In short, the Cooks claim they own the twenty foot strip of land and the appellants contend the land is a public street known as Feather Drive.

Tammy Lane is a dedicated street on the western boundary of the Cooks' property. It is simply marked as "road" on the above plat. The Livingstons own the property on the west side of Tammy Lane across from the Cooks. The Hoffmans own the property south of the Cooks.

Some testimony was presented that a fifteen or twenty foot easement running east and west exists on the northern boundary of the Hoffmans' property. Therefore, if both easements exist, there would be a strip of land thirty-five or forty feet wide dedicated for public use lying between the Cooks and the Hoffmans. However, we need not be concerned with the existence of an easement on the northern boundary of the Hoffmans' property. That is not at issue.

The appellants submit that Feather Drive is a dedicated street running east and west along the entire southern border of Block 2 of the Trammel Addition. The Cooks are not concerned with whether Feather Drive is a dedicated street on the eastern half of Block 2. They submit, however, that the controversial strip of land on their border has not been dedicated. Based upon the testimony, Feather Drive begins at "Old Highway No. 67," just east of Block 2, and runs west along the southern border of Block 2 until it reaches Lot 9. Evidently, the City of Sherwood maintains this portion of Feather Drive.

The Cooks acquired legal title to their property in 1967. The legal description of the land includes the twenty feet in controversy. According to the legal description, the Cooks' property extends to the section line on their southern border which is the

---

[1] According to the metes and bounds description, the length of the Cooks' southern boundary is 7.774 chains (513.08 feet). Since the west twenty-five feet of the Cooks' property has been dedicated as a public street, the length of the southern boundary is 488.08 feet.

center line of what appears to be an unnamed road on the above plat. When the Cooks acquired the property, a fence ran east and west approximately twenty feet north of the section line. Based upon the legal description, the fence is twenty feet north of their property line. According to the plat, the fence is on the southern boundary of their property.

This controversy arose when the Cooks were denied a permit to move the fence from its present location to the southern boundary of their property. After being denied the permit, the Cooks unsuccessfully petitioned to have the City of Sherwood abandon the easement. The Cooks then filed their complaint in Chancery Court.

It is undisputed that the legal description of the Cooks' property includes the twenty foot strip of land, and the twenty foot strip has always been included in the description of the land. Moreover, the Cooks have paid property taxes on the strip since they obtained title in 1967.

The appellants introduced photographs which indicate the presence of a road over the disputed strip. However, the gravel which is evident in the photographs was placed there by the Hoffmans in 1991. Indeed, the testimony established that the City of Sherwood has never paved the twenty foot strip nor placed gravel on it. Photographs taken prior to 1991 suggest the road had not been as developed as the appellants contend.

Mr. Cook testified that he has been mowing the strip of land for the last twenty years. Prior to this litigation, Mr. Hoffman helped him mow. Mrs. Hoffman testified that the County would bushhog the strip about twice a year. Also, Mr. Tanner, Director of Public Works for Sherwood, testified that it was possible the City bushhogged the strip; however, the City had never done anything else to maintain the strip.

The chancellor held that title was vested and quieted in the Cooks and the twenty foot strip was not and never had been a public street. The chancellor further ordered the City of Sherwood to issue a permit to the Cooks to construct a fence upon the southern boundary line of their property. The sole point of error on appeal is that the trial court erred in failing to find that the street easement was dedicated by the acts of prior owners of the land

in deeding property by reference to the lots and blocks descriptions contained in the plats.

We review chancery cases de novo but will not reverse the findings of fact by the chancellor unless they are clearly erroneous. *Brasel* v. *Brasel*, 313 Ark. 337, 854 S.W.2d 346 (1993). Also, we give due regard to the superior position of the chancellor to judge the credibility of the witnesses. *Id.* ARCP Rule 52(a). Finally, we must consider the evidence in the light most favorable to the appellee. *Guaranty Nat'l Ins.* v. *Denver Roller, Inc.*, 313 Ark. 128, 854 S.W.2d 312 (1993).

The question is whether the twenty foot strip along the southern boundary of the Cooks' property has been dedicated as a public street. The two essential elements of a dedication are the owner's appropriation of the property to the intended use and its acceptance by the public. *Fitzhugh* v. *Goforth*, 228 Ark. 568, 309 S.W.2d 196 (1958). The City of Sherwood does not contend that the land owned by the Cooks was ever platted by Metropolitan Trust Company. Further, Ark. Code Ann. § 14-301-102 (1987) requires a dedication to be accepted by an ordinance. However, when an owner of land files a plat and thereafter lots are sold with reference to it, such action constitutes an irrevocable dedication of any street or passageway for public use shown or indicated on the plat. *Wenderoth* v. *City of Ft. Smith*, 256 Ark. 735, 510 S.W.2d 296 (1974). Furthermore, whenever a dedication becomes irrevocable, a public authority can accept the dedication for public use whenever the necessity occurs. *Id.*

The appellants submit that the street easements shown on recorded plats have been adopted by the sale of lots with reference to those plats. We first consider whether the plat dedicates a public street along the southern boundary. Initially, the Cooks contend the language in the Bills of Assurance never dedicated such streets. The language of the earliest Bill of Assurance indicates that "[t]he streets, roads or thoroughfares shown on said plat have heretofore been laid out and platted." Although this language refers to an earlier dedication, the streets on the later plats may still be adopted by sales made with reference to the plat. *See Wynn Motel Hotel, Inc.* v. *City of Texarkana*, 217 Ark. 314, 230 S.W.2d 649 (1950).

In addition, the Cooks submit the area along the southern boundary of the plat is simply not meant to be a street. Across the bottom of each of the filed plats is an area indicating what appears to be some type of easement; however, the area is not labeled. Other road easements shown on the 1947 plat are either labeled "road" or given a street name— "Country Club Road."

██ In order for a dedication to result from sales with reference to a plat, it is unnecessary that the areas to be dedicated be marked on the plat as streets. Tiffany, *The Law of Real Property* § 1103 (3rd ed. 1975). The dedication is sufficient if it appears, from a consideration of the plat as a whole, with reference to the surrounding circumstances, that the spaces were intended to be devoted to a public use. Id. Also, the failure to label or name a street will not necessarily prevent a public dedication inasmuch as the intent of the dedicator is controlling. *Wenderoth, supra.* Further, an unbounded easement is a grant of a valid right of way and the limits are to be determined by the lines of reasonable enjoyment. *Harvey* v. *Bell*, 292 Ark. 657, 732 S.W.2d 138 (1987). Therefore, should we find the plat has been adopted by reference, we believe the indication of a platted road, albeit unnamed, is sufficient.

██ It is a well established principle of law that an owner of land, by laying out a town upon it, platting it into blocks and lots, intersected by streets, and selling lots by reference to the plat, dedicates the streets to the public use. *Arkansas State Highway Comm.* v. *Sherry*, 238 Ark. 127, 381 S.W.2d 448 (1964). However, in the present case, the owner of the land did not lay out the plat. The evidence indicates that Metropolitan Trust Company first platted a portion of Block 2 of the Trammel Addition in 1934. However, the subject property belonged to the Estate of Jessee Coffee prior to 1931. As part of the settlement of the Coffee Estate, the property was conveyed to Grover Owens in 1931. The Cooks have deraigned their title back to this 1931 transaction. The appellants do not contend that Metropolitan Trust Company ever held title to the property after a plat had been filed.[2]

---

[2]On May 7, 1945, Metropolitan Trust gave Grover Owens a quit claim deed to the land for $1.00.

The appellants' contention is that previous owners of the land implicitly dedicated the disputed strip of land by selling lots with reference to the plat. The City of Sherwood contends that when the owner of land adopts an existing plat, by selling lots by reference to the plat, such action amounts to a dedication of the streets shown on the map. *See Hope* v. *Shiver*, 77 Ark. 177, 90 S.W. 1003 (1905). The appellants submit that sales were made with reference to the plat on five occasions which constitute dedication by reference to the plat. Appellants rely on the fact that several of the Cooks' predecessors in title have simultaneously owned both the property in question and other lots in Trammel Addition. They contend that when these previous owners sold a lot with reference to the plat, they adopted the existing plat as to all the land they owned. However, it is undisputed that the terminology found in the plat has never been used to describe the location of the Cooks' property or the actual strip in controversy. Every transaction which involved the property has described the land by a metes and bounds description.

The five transactions which the appellants contend dedicate the street by reference to the plat occurred on: June 23, 1961; February 16, 1963; May 25, 1965; April 13, 1966; and October 15, 1966. These instances involve transactions by Mr. and Mrs. Robinson and Mr. and Mrs. Beatty. Both the Beattys and the Robinsons previously owned the six acre tract of land, and they also owned other lots within Block 2 of the Trammel Addition. The appellants contend these transactions constitute dedication of the street by reference to lots on the plat.

In the 1963 transaction the Beattys conveyed the six acres and portions of Lot 7, 8, and 9, to Mr. and Mrs. Robinson. However, the property now owned by the Cooks was described by metes and bounds. In the 1965 transaction the Robinsons dedicated a five foot strip along the western border of what is now the Cooks' property. In the same document, Metropolitan Trust dedicated a five foot strip of Lot 1. This transaction apparently added five feet to a twenty foot strip which had been previously dedicated for Tammy Lane. There was no evidence concerning when the prior twenty feet had been dedicated. Again, the property now owned by the Cooks was described, not by reference to the plat, but by metes and bounds.

The appellants rely on language found in *Hope* v.

*Shiver, supra*, where we stated "when the owner of land makes a plat thereof, or adopts one made by someone else, and sells lots by reference to the maps, this amounts to a dedication of the streets and public ways shown on the map." However, that analysis assumed that competent evidence had been presented establishing that the owners of the land, at the time it was platted, adopted and approved a plat by conveying lots in accordance with the plat and by referring to the plat for the more definite description and location of the lots. *Id.* Ultimately, we concluded the evidence was incompetent; therefore, we held that "the mere fact that certain parties who did not own this land had made a plat and had it recorded did not constitute a dedication against the owner of the land." *Id.*

In addition, the appellants rely upon *Wynn* v. *Texarkana, supra*, which contained the "sells by reference to the map" language found in the *Hope* opinion, *supra*. In *Wynn*, the St. Louis Iron Mountain & Southern Railway Company (Southern) made and recorded a plat of the original town of Texarkana in 1880. The plat showed a street seventy-eight feet wide which bordered Lot 12, Block 26, of Texarkana. The City of Texarkana brought suit alleging that the hotel constructed on Lot 12 was encroaching upon the street. Wynn Motel contended that it had legal title to the property and the street had not been dedicated. Ultimately, it was determined that Southern did not have legal title to Lot 12 when the plat was recorded. Id. Nevertheless, noting that throughout the chain of title the disputed tract, Lot 12, had been conveyed and reconveyed with reference to the map recorded by Southern in 1880, we concluded that there was a dedication by sale with reference to the plat. In *City of Magnolia* v. *Burton*, 213 Ark. 157, 209 S.W.2d 684 (1948), the court relied upon similar language to conclude that dedication had occurred by reference to the plat. However, we noted in *Magnolia* that descriptions conforming to the plat were used to convey title to the disputed land.

This case hinges on the interpretation of the "adopts one made by someone else, and sells lots by reference to the map" language found in the *Hope* and *Wynn* cases. We believe these holdings are limited to the instance in which the actual property adjacent to the land in dispute is sold by reference to the plat. In *Wynn*, the specific property in question had been conveyed as

Lot 12 of Block 26; therefore, the lot was sold by reference to the plat. Likewise, in *Magnolia*, the plat was used to describe the land adjacent to the land in controversy. In the instant case, the Cooks' land and the strip of land in controversy have always been sold by a metes and bounds description; therefore, the predecessors in title have never adopted the plat by reference.

Indeed, our cases generally conclude that an owner of property adopts a plat as to all of his property only when the owner of land had submitted the plat. A recent case which addressed dedication by reference to a plat is *Harvey* v. *Bell, supra.* There we recognized that a developer, by filing a plat, expressly dedicated that subdivision's easements for use of the general public. Id. In reaching that decision, we quoted *Frauenthal* v. *Slaten*, 91 Ark. 350, 121 S.W. 395 (1909):

> An owner of land, by laying out a town upon it, platting it into blocks and lots, intersected by streets and alleys, and selling lots by reference to the plat, dedicates the streets and alleys to the public use, and such dedication is irrevocable.

Id. Our most recent cases dealing with dedication by reference to a plat refer to an actual owner of property laying out the plat. *See Wenderoth, supra; Incorporated Town of Mountain View* v. *Lackey*, 225 Ark. 1, 278 S.W.2d 653 (1955); *Lancaster* v. *Incorporated Town of Mountain View*, 227 Ark. 596, 300 S.W.2d 603 (1957); *Arkansas State Highway Comm, supra; Brown* v. *Land, Inc.*, 236 Ark. 15, 364 S.W.2d 659 (1963). These cases have not included the broad "adopts by reference" concept which the appellant proposes as constructs of the *Hope* and *Porter* opinions.

The strip on the southern border of the Cooks' property has never been dedicated as a street. The "adopts one made by someone else, and sells lots by reference to the map" language only includes property in which the plat is used to provide the description of the land. As mentioned, the Cooks' property has never been platted and has always been described by metes and bounds. When the Beattys sold Lots 7, 8, and 9, by reference to the plat, they adopted the plat as far as those lots are concerned; however, the Cooks' property was described as metes and bounds without reference to the plat. It follows that this prop-

erty has never been sold by "reference" to the plat. Accordingly, the subject strip of land has never been dedicated as a public street.

The appellants contend that the dedication has been recognized because the Cooks petitioned to abandon the easement and because the existing fence is located on the southern boundary according to the plat. In *Wenderoth, supra*, a property owner was estopped from denying that a twenty-five foot strip of property was a dedicated public street. There, the owners previously acknowledged the existence of the dedication by objecting in a public proceeding to a proposal to close a twenty-five foot dedicated street adjacent to the disputed piece of land. Id. By objecting, the owners recognized that the two adjacent strips had been dedicated together to form a fifty foot dedicated street. However, the Cooks maintained no dedication ever occurred when they appeared before the city council. They have never recognized the easement; they simply petitioned the city to abandon its claim because the easement never existed.

Also, the appellants rely upon *Porter* v. *City of Stuttgart*, 135 Ark. 48, 204 S.W.2d 607 (1918), which recognized that a street may be dedicated to public use by the recognition of a filed plat. In *Porter*, the land adjacent to the controversial strip had been platted; however, Porter challenged the validity of the plat. Although the land adjacent to the controversial strip may not have been conveyed by reference to the plat, Porter recognized the validity of the plat by paying taxes assessed on his property according to the plat. *See Wenderoth, supra.* Since Porter's property had been platted and he recognized the plat, we do not consider the *Porter* case to be contrary to today's decision.

Nor do we think the existence of the fence constitutes a recognition of the easement. Its location lacks significance because the Cooks have been maintaining and paying taxes on the disputed land, beyond the fence, since 1967. In *Wenderoth*, where a dedication had occurred, we noted that the property owners had not paid taxes on the property in question.

Finally, the appellants' argument that the area "looks like an easement" is irrelevant to the theory of dedication by reference to a plat. If the area looks like a "road" it is because the

Hoffmans placed gravel and chat on the road; at most the city has merely mowed or bushhogged the area.

For the reasons stated the decree is affirmed.