NUMBER 13-03-145-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

TEXAS DEPARTMENT OF 
PUBLIC SAFETY,                                                                        Appellant,

v.

GUADALUPE R. BARRERA,                                                      Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 4 
of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez
 

          By two issues, the Texas Department of Public Safety (DPS) challenges the trial
court’s reversal of Guadalupe R. Barrera’s driver’s license suspension. Previously, the
State Office of Administrative Hearings (SOAH) had sustained Barrera’s suspension for
operating a motor vehicle in a public place with an alcohol concentration of 0.08 grams or
greater per 210 liters of breath. We reverse and render the trial court’s final judgment.
Standards of Review
          “The standard of review to be used by courts when reviewing driver’s license
suspensions is established by section 2001.174 of the government code.”


 See Tex. Gov’t
Code Ann. § 2001.174 (Vernon 2000); Tex. Dep’t of Pub. Safety v. Jennings, 1 S.W.3d
348, 351 (Tex. App.–Corpus Christi 1999, no pet.). The statute provides:
. . . a court may not substitute its judgment for the judgment of the
state agency on the weight of the evidence on questions committed
to agency discretion but:
 
(1) may affirm the agency decision in whole or in part; and
 
(2) shall reverse or remand the case for further proceedings if
substantial rights of the appellant have been prejudiced because the
administrative findings, inferences, conclusions, or decisions are:

                                (A) in violation of a constitutional or statutory provision;
(B) in excess of the agency’s statutory authority;
(C) made through unlawful procedure;
(D) affected by other error of law;
(E) not reasonably supported by substantial evidence
considering the reliable and probative evidence in the record as a
whole; or
(F) arbitrary or capricious or characterized by abuse of
discretion or clearly unwarranted exercise of discretion.

Tex. Gov’t Code Ann. § 2001.174 (Vernon 2000).
          In addition, “a court of appeals reviews administrative rulings on the admission or
exclusion of evidence under an abuse of discretion standard.” Jennings, 1 S.W.3d at 351. 
An abuse of discretion occurs when the court acts without reference to any guiding rules
and principles or if the court acts arbitrarily and unreasonably. Id.
Analysis
          With its first issue, DPS contends the trial court’s final judgment is in error because
it is based on the incorrect conclusion that the results of Barrera’s breath test should not
have been admitted at the administrative hearing. We agree.
          In its final judgment, the trial court referenced the “substantial evidence rule,” from
subsection (2)(E) of section 2001.174 of the government code, to justify reversal of the
administrative decision. Tex. Gov’t Code Ann. § 2001.174(2)(E) (Vernon 2000). As seen
above, subsection (2)(E) authorizes a trial court to reverse an administrative agency’s
decision “if substantial rights of the [administrative] appellant have been prejudiced
because the administrative findings, inferences, conclusions, or decisions are: . . . not
reasonably supported by substantial evidence considering the reliable and probative
evidence in the record as a whole.” Tex. Gov’t Code Ann. § 2001.174(2)(E) (Vernon
2000). The trial court then explained that it concluded that Barrera’s breath test “should
not have been admitted without a predicated showing that the fifteen minute observation
period


 was complied with” because: (1) Hawkins v. State, 865 S.W.2d 297 (Tex.
App.–Corpus Christi 1997, no pet.), requires compliance with the fifteen-minute
observation period as a predicate for admission of a breath test if a fact issue is raised with
respect to the observation period; and (2) Barrera’s objection to the breath test at the
administrative hearing “articulated a lack of evidence of the fifteen minute observation
period.”


 As a result, the trial court found that DPS “did not prove by a preponderance of
the evidence that [Barrera] was operating a motor vehicle with an alcohol concentration of
0.08 grams or greater of alcohol per 210 liters of breath.”
          As the trial court correctly explained in its final judgment, Hawkins holds that
“compliance must be proved only if a fact issue is raised with respect to a particular
requirement.” Hawkins, 865 S.W.2d at 100. However, no fact issue was raised here. The
objection by Barrera’s counsel that the trial court references in its final judgment, without
supporting record evidence, does not raise a fact issue that would require DPS to show
compliance with the fifteen-minute observation period. See, e.g., Sims v. State, 735
S.W.2d 913, 919 (Tex. App.–Dallas 1987, pet. ref’d) (notwithstanding appellant’s trial
objections, “he has not cited where in the record such evidence [concerning compliance]
can be found.”). Thus, contrary to the trial court’s conclusion, DPS was not obligated to
prove compliance in this case. The breath test was properly admitted at the administrative
hearing. The administrative ruling to admit evidence of Barrera’s breath test was not an
abuse of discretion. The trial court’s stated reason for its final judgment, that the breath
test should not have been admitted, is incorrect. The administrative agency’s decision was
not erroneous for the reason enumerated in subsection (2)(E), as the trial court concluded. 
See Tex. Gov’t Code Ann. § 2001.174(2)(E) (Vernon 2000). The trial court erred by
reversing the administrative agency’s decision. Appellant’s first issue is sustained.
          Having held in its favor regarding its first issue, review of appellant’s second issue
is not necessary. Tex. R. App. P. 47.1. The final judgment of the trial court is reversed. 
We render judgment upholding the administrative suspension of appellee’s driver’s license.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Opinion delivered and filed this the
17th day of June, 2004.